# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Napier Florence,<br>　　　　Petitioner,<br>v.<br>Ryan Thornell, *et al.*,<br>　　　　Respondents. | No. CV-24-01390-PHX-JJT (DMF)<br>**ORDER** |

  Before the Court is the Report and Recommendation (Doc. 12, "R&R") entered by United States Magistrate Judge Deborah M. Fine that concludes the Court should dismiss with prejudice Alexander Napier Florence's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1, "Petition") for lack of jurisdiction. In the R&R, Judge Fine warned the parties that they had fourteen days from the date of service of the R&R, to file any specific written objections to it with the Court. Judge Fine further warned that "failure to timely file objections [to the R&R] may result in the acceptance of [it] by the District Court without further review." (R&R at 8.) It has now been three months since entry of the R&R and Petitioner Florence has filed no objections thereto. The Court is thus empowered to accept the recommendations without further review. It nonetheless elects to conduct a review of the recommendations on their merits; upon doing so, the Court concludes that adoption of Judge Fine's recommendations, as well as her reasoning as set forth in the thorough R&R, is justified.

. . .

1. In his Petition, Mr. Florence seeks habeas review of his convictions in Maricopa County Superior Court Case No. CR2017-111034-001. But records of that state court, provided by Respondents, demonstrate conclusively that Petitioner's sentence in that matter expired on June 9, 2023, and he was not sentenced to any term of supervision thereafter in that matter which would have rendered him still "in custody" for purposes of this jurisdictional analysis pursuant to *Spawr v. Optical Rsch., Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988); this is confirmed by ADCRR time computation records confirming Petitioner's "absolute discharge" from his sentence in this matter on June 9, 2023. Because Petitioner's sentence in the matter for which he sought habeas review is absolutely discharged and he is not now (nor was he at the time he filed the instant Petition or any time thereafter) in custody, the Court lacks jurisdiction to conduct habeas review of those convictions under Section 2254. For these reasons,

**IT IS ORDERED** adopting in whole the R&R (Doc. 12) submitted by Judge Fine and dismissing with prejudice the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) for lack of jurisdiction.

**IT IS FURTHER ORDERED** denying a certificate of appealability, as the Court concludes dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable. The Clerk of Court shall enter judgment and terminate this matter.

Dated this 12th day of February, 2025.

Honorable John J. Tuchi
United States District Judge